JOURNAL TRIBUNE PUBLISHING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36637.    Promulgated June 24, 1953.

*John Enrietto, Esq.*, for the petitioner.
*David Karsted, Esq.*, for the respondent.

OPINION.

WITHEY, *Judge:* Petitioner made expenditures for newspaper machinery, equipment, and office furniture during its fiscal year ending October 31, 1948, in the amount of $15,897.80. Of this amount, $3,658.05 is the proceeds from the sale of property originally demised under the leases wherein petitioner was lessee and Perkins Brothers Company and The Tribune Company were lessors. By the leases' terms petitioner was bound to account to the lessors for the proceeds from the sale of said originally demised property, but it was permitted under those terms to use the proceeds from such sales of equipment in the purchase of replacements and additions and improvements. In its income tax return for said fiscal year petitioner deducted the difference between the two amounts, $12,284.94, as "Maintenance of Plant." The controversy arises because the Commissioner in his

determination of the deficiency here involved has disallowed this amount as an ordinary and necessary business expense and has in said deficiency determination capitalized the expenditures and permitted recovery thereof upon a depreciation basis only.

Relying on the rationale of *Illinois Central R. Co.* v. *Commissioner*, 90 F. 2d 458; *Atlantic Coast Line R. Co.*, 31 B. T. A. 730; *Frank & Seder Co.* v. *Commissioner*, 44 F. 2d 147; and *Charles B. Towns Hospital*, 2 B. T. A. 701, petitioner contends that expenditures here involved should be held by us to be ordinary and necessary business expenses and deductible in their entirety in the year paid. Respondent contends that the amounts paid by petitioner are capital expenditures and, therefore, must be recovered by way of depreciation over the life of the equipment and furniture thereby acquired or over the remaining term of the leases, whichever is the lesser period. Two of the cases cited by petitioner, *Illinois Central R. Co.*, *supra*, and *Atlantic Coast Line R. Co.*, *supra*, are railroad cases and involve the retirement system of accounting which is permissible in the case of railroads. See *Hotel Kingkade*, 12 T. C. 561, affd. 180 F. 2d 310.

*Frank & Seder Co.* v. *Commissioner*, *supra*, is not a railroad case it is true, but it has no application to the facts at bar because the expenditure there involved was a lease-end expense which the taxpayer there elected to pay in its entirety prior to the expiration of the lease term. Decision there turned upon the proposition that the expenditure involved would represent no acquisition of or investment in a capital asset on the part of the taxpayer and that there was, therefore, no cost to be recovered by way of depreciation. *Charles B. Towns Hospital*, *supra*, is distinguishable on the facts.

The assets acquired by the expenditures here involved, all of which have a useful life in excess of 1 year, must in their nature be held to be capital assets, the cost of acquisition of which may be recovered by petitioner only by way of depreciation over their useful life or the remaining term of the leases, whichever is the lesser. Having so held, it is unnecessary for us to determine whether or not the leases involved imposed an obligation upon the petitioner to make the expenditures here sought to be expensed. It is also unnecessary for us to determine the effect of the state court's decision with respect to petitioner's lease obligations.

In determining the deficiency the respondent capitalized $12,284.94 of the $15,942.99 expended by petitioner in acquiring newspaper machinery, equipment, and office furniture during the taxable year. However, the respondent allowed depreciation computed on a basis of $15,942.99 instead of $12,284.94. At the hearing the parties agreed that if the respondent's action in capitalizing the $12,284.94 was sustained the depreciation allowed by respondent would have to be

adjusted and the allowance computed on the capitalized basis. The respondent has conceded that of the amount capitalized by him $45.19 represented repairs. The deficiency, when computed hereunder, owing to respondent's concession as to the second issue, will be within the total deficiency determined by him. Accordingly, depreciation is allowable as set out in our findings.

Reviewed by the Court.

*Decision will be entered under Rule 50.*